DECISION
{¶ 1} Jack T. Lowry, Jr., ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas finding him guilty of receiving stolen property, in violation of R.C.2913.51, and possession of criminal tools, in violation of R.C.2923.24. For the reasons that follow, we affirm.
 {¶ 2} The following relevant facts were adduced at trial. On January 7, 2002, Dublin police officers, in response to a number of reported nighttime automobile break-ins, were patrolling an area where several hotels were located. The officers had information that a green Pontiac Grand Am may be involved. At approximately 2:15 a.m., a police officer saw a dark Grand Am with four occupants, and followed it into the Extended StayAmerica hotel parking lot. The first officer blocked the exit of the parking lot until another officer arrived, at which point he approached the dark Grand Am near the entrance to the hotel.
 {¶ 3} When he approached the vehicle, the officer only saw three occupants: appellant, Steven Galloway, and Robert Rush. Rush told the officer they were at the hotel to meet some women and that the car's fourth occupant, the driver, was inside the hotel registering for a room. The hotel desk clerk advised the officer that the driver had not asked to register as a guest, but had only asked to use the restroom. The driver, Richard Garrison, also told the officer he had gone into the hotel to use the restroom.
 {¶ 4} Upon returning to the Grand Am, the officer determined that its license plates were registered to a different car. Accordingly, Garrison was cited for driving a car with fictitious license plates, and the car was impounded and searched for inventory purposes.
 {¶ 5} Under the front passenger seat, the officers found gloves, a screwdriver, and a flashlight. More screwdrivers and flashlights were found in the trunk of the car. A credit card, which did not belong to any of the car's occupants, was found under a rear floor mat. A large case, containing 83 compact discs and some photographs, was found on the back seat, next to where appellant was sitting. The trunk of the car "was as full as it could possibly be," with laptop computers, other cases of compact discs, tools, and luggage. (Tr. at 86.) The inventory sheet listed 47 different items, nearly all of which were in the trunk.
 {¶ 6} Appellant had been sitting in the right rear of the car, directly behind the front passenger. At the scene, appellant stated that the large case of compact discs next to him on the back seat belonged to him. Later, however, he denied that any of the property in the car was his, except for a knit cap. Appellant also told an officer that he had been at Garrison's apartment playing video games, and that he went to the hotel with the other occupants of the car in order to meet some women. Another officer testified that appellant's version of events "changed frequently enough that if I were to write what he told me at the beginning and what he told me at the end, it would have been totally different." (Tr. at 104.)
 {¶ 7} Garrison was the state's chief witness. In connection with this incident, Garrison was originally charged with four counts of receiving stolen property and one count of possession of criminal tools. As part of a plea bargain, Garrison pled guilty to one count of receiving stolen property and agreed to testify against appellant. In return, the court entered a nolle prosequi as to the four remaining counts of the indictment.
 {¶ 8} Garrison testified that, on the night in question, he and Galloway were at Galloway's house when appellant and Rush arrived. Rush asked Galloway and Garrison if they wanted to go "out stealing." (Tr. at 138.) Galloway and Garrison agreed and joined appellant and Rush in Rush's car. Garrison drove because he possessed a valid driver's license.
 {¶ 9} Garrison stated they drove into hotel parking lots, exited the vehicle and looked inside parked cars. Upon discovering something of value, they either broke the window or forced the door lock and removed the desired items. Garrison identified the gloves, screwdriver and flashlight as items that were used to break into the cars. Garrison testified that he saw appellant break into cars with these items the night they were apprehended. Garrison testified that all of the items in the car and trunk were stolen by the four occupants of the car that evening.
 {¶ 10} Craig Ebert, a hotel guest, testified that a large case of approximately 150 compact discs had been stolen from his car on the night in question. Ebert stated the compact discs cost between $15 and $20 each. He further testified the compact disc case also contained a photograph of himself and his daughter. Ebert identified the compact disc case that was found in the car next to appellant, and which contained a photograph of him and his daughter, as his property.
 {¶ 11} At the close of Ebert's testimony, the state rested its case, subject to the introduction of exhibits. Appellant's counsel made a motion for a judgment of acquittal, pursuant to Crim.R. 29(A), which was overruled. Appellant did not offer any evidence in his own defense.
 {¶ 12} Appellant raises a single assignment of error:
Appellant's convictions are against the manifest weight of the evidence.
 {¶ 13} When reviewing the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences based thereon, consider the credibility of witnesses, and determine whether the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175. We review the record from the limited viewpoint of a "thirteenth juror," since we must be mindful that the trier of fact was in the best position to evaluate the demeanor and credibility of witnesses, and determine the weight to be accorded to the evidence. State v. DeHaas
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus; Statev. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037.
 {¶ 14} Accordingly, an appellate court will not reverse a conviction as being against the manifest weight of the evidence if the record contains substantial, credible evidence upon which the trier of fact has based its verdict. State v. Nicely
(1988), 39 Ohio St.3d 147, paragraph two of the syllabus. "Weight of the evidence concerns `the inclination of the greater amountof credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis sic.) Thompkins, supra, at 387. Thus, our emphasis is on the force and persuasiveness of the evidence presented.
 {¶ 15} In order to find appellant guilty of receiving stolen property, the jury must find, beyond a reasonable doubt, that appellant received, retained, or disposed of the property of another, while knowing or having reasonable cause to know that the property was obtained through the commission of a theft offense. R.C. 2913.51. Appellant was indicted for receiving or retaining property belonging to Craig Ebert, which was valued at more than $500 but less than $5,000.[1]
 {¶ 16} In order to find appellant guilty of the possession of criminal tools, the jury must find beyond a reasonable doubt that appellant possessed or had under his control a device, instrument, or article, with purpose to use it criminally. R.C.2923.24. The indictment alleges that appellant had under his control a flashlight, a screwdriver, gloves, and/or a headband, and that he used any or all of these to commit a theft offense.
 {¶ 17} Appellant's claim that his convictions are against the manifest weight of the evidence focuses entirely on the weight that a jury can accord to Garrison's testimony. Appellant contends Garrison, as the recipient of a plea bargain who was awaiting sentencing at the time of his testimony, had a significant motive to testify falsely against appellant. Appellant submits that Garrison's testimony is uncorroborated, inherently suspect, and insufficient to permit a jury to find appellant guilty beyond a reasonable doubt of the offenses of receiving stolen property and possession of criminal tools.
 {¶ 18} The trial court instructed the jury that Garrison's testimony "should be viewed with grave suspicion and weighed with great caution." (Tr. at 222.) Having been given a cautionary instruction, it remains that the jury was in the best position to evaluate Garrison's demeanor and credibility on the witness stand, and to determine the weight of his testimony. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. DeHass, supra, paragraph one of the syllabus.
 {¶ 19} A jury is not precluded from basing a criminal conviction on the uncorroborated testimony of an accomplice.State v. O'Dell (1989), 45 Ohio St.3d 140, 145. Thus, a jury could have convicted appellant on Garrison's testimony alone, as long as it heard credible evidence on each and every element of the crime, sufficient to permit a finding of guilt beyond a reasonable doubt.
 {¶ 20} Contrary to appellant's claim, this is not a case where "no other evidence connects appellant to the crimes or the use of tools to commit them." (Brief of appellant, pg. 10.) The testimony at trial established that appellant was a passenger in a car closely matching the description of a car suspected in other recent automobile break-ins. A screwdriver, a flashlight and a pair of gloves were found under the seat directly in front of appellant. Based on this evidence, and on appellant's conflicting statements about the ownership of the stolen compact disc case, a reasonable juror could believe beyond a reasonable doubt that appellant either had or had under his control an instrument or device with purpose to use it criminally, and had possession of the property of another, knowing or having reason to know it had been obtained through the commission of a theft offense.
 {¶ 21} Having reviewed the entire record, we cannot find that the jury clearly lost its way in reaching its verdict. There is sufficient competent, credible evidence to permit reasonable minds to find appellant guilty beyond a reasonable doubt of receiving stolen property and possession of criminal tools. Accordingly, for the reasons outlined above, appellant's sole assignment of error is overruled, and we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Bryant and Petree, JJ., concur.
[1] When a person receives stolen property, valued at more than $500 but less than $5,000, the offense constitutes a felony of the fifth degree. R.C. 2913.51(C).